UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN G. CENTENO, JR., <br> SID #1114347, <br><br> Plaintiff, <br><br> v. <br><br> SAN ANTONIO POLICE OFFICER F/N/U AGUILAR; SAN ANTONIO POLICE OFFICER F/N/U ORTIZ, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § | SA-21-CV-1117-JKP |

## ORDER OF DISMISSAL

Before the Court is the 42 U.S.C. § 1983 Amended Civil Rights Complaint ("Section 1983 Amended Complaint") filed by Plaintiff John G. Centeno ("Plaintiff" or "Centeno"), who is proceeding *pro se*. (ECF No. 5). Also pending are Plaintiff's motions for discovery. (ECF Nos. 6, 7). Upon consideration, Plaintiff's Section 1983 Amended Complaint (ECF No. 5) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b) for failure to state a non-frivolous claim and Plaintiff's motions for discovery (ECF Nos. 6, 7) are **DISMISSED AS MOOT**.

### BACKGROUND

According to Bexar County Records, Centeno was arrested on February 9, 2019 for "assault bodily injury-married" in Case No. 607801. The case was subsequently dismissed with the notation "insufficient evidence." On August 17, 2019, Centeno was arrested for continuous violence against a family member in Case No. 532040. The case was initially dismissed with the notation "missing witness"; however, on November 29, 2021, the case was reopened. In the interim, Centeno was charged with continuous violence against a family member in Case No.

2021-CR-11020 based on an incident that occurred on September 17, 2021. He was subsequently indicted for this offense and is presently being detained at the Bexar County Adult Detention ("BCADC"), awaiting trial. Centeno has been appointed counsel to represent him in each of his criminal cases.

On November 10, 2021, Centeno filed the present complaint, alleging he was illegally arrested in May of 2019, and that he has subsequently been subjected to harassment and denied "privileges and entitlements." (ECF No. 1 at 4). He contended "staff" blocked his mail, refused to print out his grievances or provide him with the Inmate Handbook & Procedures for filing grievances, and "refus[ed] [him] indigence." (*Id.* at 3). Plaintiff also alleged Defendants refused to investigate his grievance, stating "an illegal arrest is not handled by this Department [and] telling [him] to call SAPD [himself]." (*Id.* at 3). Finally, Plaintiff stated "they" refused him a writ after the first illegal arrest and when he was bonded out, he was threatened by police to keep quite or "they" would have him beaten by inmates in jail. (*Id.* at 4). Additionally, he complained that his requests for parenting classes and Battering Intervention and Prevention Program ("BIPP") had been denied. (*Id.*).

Based on the foregoing, Plaintiff purported to sue (1) San Antonio Police Department ("SAPD") Officer F/N/U Aguilar, SAPD Officer F/N/U Ortiz and an unidentified officer in case No. NMS32040 for illegally arresting him; (2) BCADC Grievance Supervisor Sergeant ("Sgt.") De Los Santos for violating his right to due process of law, refusing to investigate grievance, mail blocking, denying or restricting his inmate privileges, harassing him and denying Plaintiff's request to have grievance printed out; and (3) grievance responders M. Alvarez and Officer McIntosh for denying Plaintiff's grievance, refusing to print his grievance, falsifying grievance

2

procedures, and refusing to provide Plaintiff with a copy of the Inmate Handbook & Procedures for filing grievances, as well as for "refusing [him] indigence." (*Id.*). As relief, Plaintiff sought to be released from confinement, to have his bond money returned on the two cases for which he alleged he was illegally arrested, and to be compensated for the time he had been detained, as well as for "the emotional stress/depression and suffering and harassment." (*Id.*).

On November 19, 2021, Centeno was ordered to show cause why his Complaint (ECF No. 1) should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by filing an amended complaint that cured the deficiencies noted in the Court's Order. (ECF No. 4). Plaintiff timely filed an amended complaint purporting to sue the State of Texas and Officers Polensa, S. Carillo and Aguilar. (ECF No. 5 at 1, 4). Presenting few facts to support his claims, Centeno alleges he was illegally arrested on September 17, 2021, in violation of his Fourth, Fifth, Eighth and Fourteenth Amendment rights. (*Id.* at 3, 4). For reasons stated below, Plaintiff's amended complaint is also subject to dismissal.

## Legal Standard

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP at any time if it is determined the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on

an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). A complaint that duplicates claims asserted in an earlier action may be deemed frivolous and subject to summary dismissal. *See Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969 (1989); *see also Balzan v. United States*, No. 3:13-CV-901-N-BN, 2013 WL 1194400, at *1 (N.D. Tex. Mar. 4, 2013), report and recommendation adopted, No. 3:13-CV-901-N, 2013 WL 1194469 (N.D. Tex. Mar. 25, 2013) (citing *Brock v. Cockrell*, No. 3:03–cv–0340–M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003) (dismissing Section 2254 habeas petition as duplicative where another writ raising the same claims was pending before another judge)).

In evaluating whether a complaint states a claim under §§ 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

**DISCUSSION**

**I.     Suit against the State of Texas**

In this case, Plaintiff names the State of Texas as a defendant. However, generally suits brought by private citizens against a state and/or its agencies in federal courts are barred by the Eleventh Amendment, unless the state has waived its immunity or Congress has expressly and validly abrogated it. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (internal citations omitted). "Indeed, not only does the Eleventh Amendment preclude individuals from suing a state in federal court for money damages, it also bars injunctive and declaratory suits against the state, unless the state consents to suit, or its immunity is otherwise overcome by application of waiver, abrogation, or *Ex parte Young* doctrines." *Scott v. Supreme Ct. of Louisiana*, Civ. A. No. 12–2502, 2013 WL 1288565, at *3 (E.D. La. Mar. 27, 2013) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984)). Although Congress has authority to abrogate Eleventh Amendment immunity with regard to certain rights protected by the Fourteenth Amendment, the Supreme Court has expressly held that Section 1983 does not abrogate the states' immunity with regard to suits commenced against states in federal courts. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Here, Plaintiff alleges no facts demonstrating Texas has waived its immunity. Moreover, Plaintiff was previously advised that to state a claim under Section 1983, he must allege a violation of rights secured by the Constitution and laws of the United States and further, must show that a *person* acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The State of Texas is not a "person" capable of being sued under Section 1983.

*Klingler v. Univ. of S. Mississippi*, USM, No. 14–60007, 612 F. App'x 222, 226 (5th Cir. 2015) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989)).

Accordingly, Centeno's claims against the State of Texas are **DISMISSED WITH PREJUDICE** for failure to state a claim.

### 2. Claims against arresting officers

In his amended complaint, Plaintiff alleges he was illegally arrested on September 17, 2021 by Officers Polensa, Carillo and Aguilar in violation of his Fourth, Fifth, Eighth and Fourteenth Amendment rights. (ECF No. 5 at 4). Plaintiff alleges no other facts.

Initially the Court notes that several of the constitutional amendments Plaintiff relies upon do not apply. For example, the Fifth Amendment's due process clause and the protections it affords apply only to violations by the United States or a federal actor. *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)). Here, Plaintiff has not named the United States or a federal actor as a defendant. Similarly, the Eighth Amendment ensures the safety of convicted prisoners and not pretrial detainees. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019) (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). Because Centeno was a pretrial detainee at all times in question, the Eighth Amendment is inapplicable.

Furthermore, Centeno was previously advised that pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, his allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief[.]"). Additionally, Plaintiff was advised that a conclusory complaint, or one that fails to state material facts, may be dismissed for failure to state a claim. *See Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 426 (5th Cir. 2006).

Nevertheless, in his amended complaint, Plaintiff failed to state how each officer violated Plaintiff's constitutional rights. As such his claims are conclusory and subject to dismissal. *Id.*

### 3. Duplicate claims

Plaintiff's claims are also subject to dismissal because his amended complaint duplicates claims asserted in an earlier action. *See Pittman*, 980 F.2d 994. On November 5, 2021, prior to filing the instant suit, Centeno filed a Section 1983 action, alleging he was illegally arrested for assaulting his father. *Centeno v. Centeno*, No. 21-cv-1095-JKP (W.D. Tex. Nov. 5, 2021) (ECF No. 1 at 4). Although Plaintiff did not specify the date he was arrested for assaulting his father, he alleged this was not the first time he was illegally arrested for assaulting a family member and stated that the first charge had been dismissed. (*Id.*).

As previously stated, according to Bexar County records, Centeno was arrested on February 9, 2019 for "assault bodily injury-married" in Case No. 607801. The case was subsequently dismissed with the notation "insufficient evidence." On August 17, 2019, Centeno was arrested for continuous violence against a family member in Case No. 532040. This case was initially dismissed with the notation "missing witness," but was subsequently reopened on November 29, 2021. On September 17, 2021, Centeno was again charged with continuous violence against a family member in Case No. 2021-CR-11020. Thus, when Centeno filed his first Section 1983 suit on November 5, 2021, the only criminal case pending against Centeno was the charge of continuous violence against a family member in Case No. 2021-CR-11020 for which

Centeno was arrested on September 17, 2021, the same arrest he complains of in his amended complaint in the present case.

Because Centeno's amended complaint duplicates claims asserted in an earlier action, the claims raised in his amended complaint are frivolous. *See Pittman*, 980 F.2d 994. Accordingly, Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE** for failure to state a non-frivolous claim. *Id.*

## CONCLUSION

Despite being advised of the deficiencies in his complaint, Plaintiff failed to correct these deficiencies. Further, Plaintiff duplicated claims raised in an earlier action. Therefore, Plaintiff's Section 1983 Amended Complaint fails to state a non-frivolous claim upon which relief may be granted. As such, Plaintiff's claims against the State of Texas and Officers Polensa, Carillo and Aguilar are subject to dismissal.

**IT IS THEREFORE ORDERED** that Centeno's Section 1983 claims against the State of Texas and Officers Polensa, Carillo and Aguilar, are **DISMISSED WITH PREJUDICE** subject to being reurged in his initial Section 1983 complaint, Centeno v. Centeno. No. 21-CV-1095-JKP (W.D. Tex. filed Nov. 5, 2021).

**SIGNED this 11th day of February, 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**